### UNITED STATES v. ONE BAY HORSE et al.

(District Court, N. D. Georgia. February 5, 1921.)

Internal revenue ☞46—Horse and vehicle used in moving distilling apparatus subject to forfeiture.

A horse, wagon, and set of harness, used for the removal of a still and other distilling apparatus, proper and intended to be used for the making of distilled liquors on which a tax was imposed, with intent to defraud the United States of such tax, *held* subject to forfeiture under Rev. St. § 3450 (Comp. St. § 6352), although not used for the removal or concealment of the liquors themselves on which the tax was imposed; a rifle, siezed with the other articles, *held* not subject to forfeiture.

Libel for Forfeiture. Suit by the United States against one bay horse and other property. Decree of forfeiture ordered.

J. W. Culpepper, of Fayetteville, Ga., for claimant.
John W. Henley, Asst. U. S. Atty., of Atlanta, Ga.

SIBLEY, District Judge. A horse, a wagon, a set of harness, and a rifle are libeled, to be forfeited because used in 1918 for the removal and deposit of a still and other distilling apparatus, proper and intended to be used for the making of distilled liquors on which a tax was imposed, with intent to defraud the United States of the tax. The contention of the claimant is that R. S. § 3450 (Comp. St. § 6352), under which the libel proceeds, does not authorize the forfeiture. The material part of the section is:

"Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited; and in every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, and every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is said that this language is to be strictly construed against the forfeiture and that in the provision "every vessel, boat, cart, carriage * * * and all horses, * * * and all things used in the removal or for the * * * concealment thereof, respectively, shall be forfeited," the word "thereof" is to be taken as referring only to its last immediate antecedent, "such goods or commodities," and that no forfeiture results of the vehicles and other things used for the removal or concealment, unless it is the removal or concealment of the goods and commodities themselves on which the tax is imposed. A strict construction would warrant this conclusion, but in construing allied portions of the revenue laws it was said, in United States v. Stowell, 133 U. S. 1, 12, 10 Sup. Ct. 244, 245 (33 L. Ed. 555):

"By the now settled doctrine of this court, * * * statutes to prevent frauds upon the revenue are considered as enacted for the public good and to suppress a public wrong, and therefore, although they impose penalties or forfeitures, not to be construed, like penal laws generally, strictly in favor of the defendant; but they are to be fairly and reasonably construed, so as to carry out the intention of the Legislature."

In construing a penal statute, where the question was whether the word "cattle" would include sheep, it was said:

"The admitted rule that penal statutes are to be strictly construed is not violated by allowing their words to have full meaning, or even the more extended of two meanings, where such construction best harmonizes with the context, and most fully promotes the policy and objects of the Legislature." Ash Sheep Co. v. United States, 252 U. S. 159, 40 Sup. Ct. 241, 64 L. Ed. 507.

One of the cases therein cited is United States v. Hartwell, 6 Wall. 385, 18 L. Ed. 830. The statute there under consideration, in a single involved sentence, first declared certain unauthorized loans to be embezzlement, then declared certain remittances by vouchers for credit to be a conversion of the amount represented by the voucher, and then added, "Any officer or agent of the United States and all persons participating in such act" should be punished as stated. The contention that only the last act named, to wit, the conversion, was to be so punished, was overruled, and the more remote unlawful loan was held to be included also.

In the present case we have a long and involved single sentence to construe. The general purpose to suppress an intended fraud on the revenue by forfeiture on removal, deposit, or concealment, both of the articles taxed and certain things connected with them, is evident. The forfeitures prescribed may be referred to as primary and secondary. The things primarily forfeited on the conditions named are those in the first clause and are (1) the taxed goods and commodities, and (2) materials, utensils, and vessels proper and intended for use in the making of the goods and commodities. As to the last named it is not necessary that any goods or commodities should have actually been produced from or with them. The next clause, being that specially for construction, provides the secondary forfeitures, that is, those consequent on the forfeitures previously declared. It begins "and in every such case." These words plainly mean that, whenever either goods and commodities or materials and utensils are forfeited under the preceding clause, the

matter is not to end, but as consequences thereof (1) the vessels, casks, or packages containing the goods and commodities, and (2) the vessels, boats, carts, carriages, etc., used in the removal, deposit, or concealment of the things previously forfeited are also to be forfeited.

Now the stilling apparatus, which was with fraudulent intent removed and deposited in the wagon, was forfeited under the first clause, and is not in question here. It is therefore one of the instances covered by the words "in every such case," and these words must be satisfied by something that follows them in the statute. They cannot be satisfied by the forfeiture of casks, vessels, and cases, for stills involve no such, and indeed these things are limited to such as contained the goods and commodities. The secondary forfeiture, following the forfeiture of utensils, must therefore relate only to the boats, carts, carriages, etc., used in deposit and removal, and the word "thereof" following them must be held to refer to all the articles mentioned in the first clause as forfeited by fraudulent removal, deposit, or concealment. As to the wagon, horse, and harness, therefore, a cause of forfeiture is set forth.

The rifle is not a thing that could naturally and ordinarily be used in the way alleged and no special use thereof is shown. The allegations as to it are insufficient.