Jos. H. Chitwood, U. S. Atty., of Roanoke, Va., and Howard C. Gilmer, Jr., Asst. U. S. Atty., of Pulaski, Va.

T. X. Parsons, of Roanoke, Va., and C. C. Lee, of Rocky Mount, Va., for respondents.

PAUL, District Judge.

This proceeding is on an information for the forfeiture of a motortruck and a quantity of sugar found therein. It has been stipulated that all questions of law and of fact be submitted to the court without intervention of a jury.

The facts, which are not disputed, are briefly and in substance as follows:

On the 13th of May, 1934, agents of the government raided a large illicit distillery in operation in Franklin county, Va., and captured several men who were working in and about the operation of the distillery. A few minutes thereafter and while the officers were still checking and listing the property about the distillery, a Chevrolet truck pulled into the clearing where the still was located. The truck was being driven by one John Turner, several other men were on the truck, and on it also were 1,800 pounds of sugar, 30 5-gallon cans, and some yeast. The officers arrested Turner and took possession of the truck and its contents. Thereafter this in-

---

**UNITED STATES v. ONE CHEVROLET TRUCK AUTOMOBILE, MOTOR NO. K–4148408, and 1,800 POUNDS OF SUGAR.**

District Court, W. D. Virginia, at Roanoke.

Oct. 10, 1934.

formation was filed seeking forfeiture of the truck and the sugar. An answer was filed by L. G. Hagood and General Motors Acceptance Corporation, in which the former alleges that he is owner of the truck and the latter asserts a lien on it for a balance due on the purchase price. These respondents deny the right of the government to forfeit the truck.

The information bases its claim to forfeiture of the sugar on the provisions of Rev. St. § 3450, being title 26, § 1181, U. S. C. (26 USCA § 1181), and also apparently on Rev. St. § 3453 (title 26, § 1185, U. S. C. [26 US CA § 1185]). The right to forfeit the truck is stated to be by virtue of Rev. St. § 3450 (title 26, § 1181, U. S. C. [26 USCA § 1181]). This section, so far as it relates to forfeitures, reads as follows: "Removing or concealing articles with intent to defraud United States. Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited; and in every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, and every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

The respondents concede that the material, i. e., the sugar, carried in the truck was designed for use in the making of liquor, and that the persons who intended so to use the sugar had no intention of paying the tax on the liquor so to be manufactured. They concede that the sugar is forfeitable under the provisions of section 1181. But they insist that the provisions of this section do not warrant forfeiture of the truck. And this is the sole question before the court.

The construction which respondents seek to place on the quoted section is substantially this: That the first portion of the section provides for the forfeiture of any taxable goods or commodities if they are removed or concealed with intent to defraud the tax, and further provides for the forfeiture of any material intended to be used in the making of such goods or commodities. That the remainder of the section (following the semicolon) deals with the forfeiture of containers of the taxable goods and commodities and of vehicles and animals used in the concealment or removal of such taxable goods and commodities, but does not provide for forfeiture of containers of materials used in making the taxable commodity or of vehicles used in removing such materials. In other words, that the language of the section indicates a distinction between the taxable commodity (in this case the liquor) and the material (in this case sugar) used in making such taxable commodity; and while the law provides for the forfeiture of both the taxable commodity and the material used in its manufacture, when it comes to dealing with containers and vehicles it provides for the forfeiture only of those which contained or were used in the removal of the taxable commodity, and not those which contained or were used in removing the material.

Consideration of the language of the statute tends to confirm the contention of respondents. The first part of the section relates to the forfeiture of any "goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials * * * intended to be made use of for or in the making of such goods or commodities. * * * *" And both the goods or commodities and the materials are declared subject to forfeiture. The remainder of the section relates to casks, vessels, etc., "containing * * * such goods or commodities, respectively," and to conveyances and animals "used in the removal * * * thereof," and declares that such containers, conveyances, and animals shall be forfeited. The language used limits the containers, conveyances, etc., which are forfeitable to those used for containing or removing *goods or commodities* which are the subject of taxation. It makes no mention of containers, conveyances, etc., in which *materials* are contained or removed. By any usual rule of grammatical construction it seems to me that the word "thereof" refers to the articles described immediately preceding and does not refer back to those mentioned in the first clause of the sentence.

It was to be expected that this long-standing statute, under which many proceedings have been brought, would have heretofore been construed by courts of the highest authority. But I find such is apparently not the case. The only decided cases which I find dealing with the question here raised are from District Courts and in only one of these is

there an informing discussion of the question. In United States v. One Bay Horse (D. C. Ga.) 270 F. 590, 591, Judge Sibley held against the claimant who raised the same question as in the instant case. Admitting that a strict construction of the language of the statute would warrant the contention of the claimant, Judge Sibley rests his conclusion on the principle that statutes designed to prevent frauds upon the revenue, although imposing penalties or forfeitures, are "to be fairly and reasonably construed, so as to carry out the intention of the Legislature." Conceding the existence of this principle of law, conceding even that such statutes are to be "liberally" construed, I am unable to reach the conclusion to which it led Judge Sibley.

Undoubtedly the purpose of the statute is to prevent frauds upon the revenue, and undoubtedly that was the intention of Congress. But I do not think that any liberality of construction permits the court to read into the statute a provision which is not there, solely because such provision if included would, in the opinion of the court, have made the statute more effective in the accomplishment of its purpose. To follow such a course is not carrying out the intention of Congress as embodied in the statute. It is in reality to seek the purpose back of the statute and then, in order to carry out such purpose more effectively, to rewrite the statute to include provisions which Congress omitted to include. It seems to me that what Judge Sibley says, in effect, is this: While the language of the statute does not make forfeitable containers, vehicles, and animals so far as their use relates to *materials,* the statute would be more effective in preventing fraud if it did make such property forfeitable, and, therefore, the court, in order to accomplish the underlying purpose of the statute, should construe it to include such articles. I do not think we are justified in going so far.

If Congress had intended to forfeit the containers of materials and vehicles used in removing materials, it could easily have done so merely by using the same language of description used in the first clause of the sentence. It will be seen that in order to declare forfeitable containers and conveyances of materials all that is necessary is to insert in the second clause of the sentence, after the words "goods or commodities," the words "or materials." But Congress did not include these words, and there is no justification for assuming that the omission was unintentional. The fact that in the first clause of the sentence the provision relates to "goods or commodities * * * *or materials"* and in the second clause the reference is only to "goods or commodities" indicates that the omission in the latter clause was intended. Otherwise, the natural tendency would have been to adopt the same language used in the first clause. Perhaps the legislators thought that the forfeiture of all conveyances used for transporting sugar, meal, or other material would make opportunity for hardship upon vendors of such materials who undertook to deliver them with no knowledge of their intended illegal use. I have no knowledge of why Congress omitted to include "materials" in the second clause of the sentence. I do not even know that such omission was intentional, but it apparently was; and I do not think the court can read into the statute a provision which would materially alter its effect. Such an amendment to the statute should be made by Congress and not by the courts. In its present form I do not think that section 1181 under which the forfeiture of the truck is sought permits such forfeiture, and the information, so far as it effects the truck, must be dismissed.

It is hoped that the government will appeal in order that we may have an authoritative ruling in this circuit upon the construction of this statute.