UNITED STATES v. ONE FORD TRUCK.
No. 1416.

District Court, S. D. Texas, Houston Division.
Dec. 31, 1931.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Tex.

Fulbright, Crooker & Freeman, of Houston, Tex., for intervener.

HUTCHESON, District Judge.

This is a libel of forfeiture brought under section 3450, Rev. St. (26 USCA §§ 1181, 1182), to forfeit a Ford truck which, when seized, was found backed up to a house within four or five feet of the door. On the truck were 1,600 pounds of sugar in sacks, the sacks bearing the same brand as a number of sacks of sugar found inside the house. In the house was found the 300-gallon still in operation with a large quantity of mash and a considerable quantity of liquor. There was no furniture in the house or other evidence that it was being used for living quarters or for any purpose other than the manufacture of intoxicating liquor. Four men were arrested in the house, including Marion R. Williams, who the evidence shows was in possession of the truck. These men were convicted for the manufacture and possession of intoxicating liquor.

The intervener, Hickman Garrett Motor Company, proved that it was a bona fide lienor, and contended that, since no intoxicating liquor was found on the truck, it was not subject to forfeiture.

■ The evidence established that the sugar on the truck was intended to be used in the

manufacture of intoxicating liquor, which liquor was subject to a tax.

All the illicit operations with reference to the matter of the liquor, both past and future, were with intent to defraud the United States of the tariff due thereon, and there was no proof of transportation in the truck. United States v. One Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

■ The principle contention seems to be that the statute does not provide for the forfeiture of a vehicle containing materials to be used in the making of goods which are subject to tax, but only of such vehicles as contain the goods or commodities themselves so subject.

The same point was made and disposed of adversely to intervener in the case of United States v. One Bay Horse (D. C.) 270 F. 590, and I am content to follow that decision, which seems to me to reasonably construe the statute and give it reasonable effect.

Here arises again the situation which this court has had occasion to advert to so often, in which courts are compelled to fit to present conditions statutes passed under conditions widely different.

It seems plain to me, and has seemed so for a long time, that here is a field in which legislation might well be passed to clarify the Congressional intent in regard to vehicle forfeitures, especially with reference to the protection vel non of bona fide liens, the effort to ascertain which has, to say the least of it, resulted in much confusion and contradictory decision, but until that legislation appears courts must, not as they would wish it to be, but as it is actually written, apply the law.