**UNITED STATES v. ONE FORD TRUCK, MOTOR NO. AA4510611, ETC.**

**No. 2185.**

District Court, D. Wyoming.
April 5, 1932.

284

Albert D. Walton, U. S. Atty., of Cheyenne, Wyo., and B. H. Pester, Legal Adviser of Prohibition Department, of Denver, Colo., for libelant.

Clyde M. Watts and Chiles P. Plummer, both of Cheyenne, Wyo., for respondents and claimants.

KENNEDY, District Judge.

This is a libel suit. It represents a triple-barreled effort on the part of the government to forfeit certain property alleged to have been used in violation of certain laws relating to the unlawful manufacture of whisky, seized by the government officials and at the time of the filing of the libel still held in their possession. With respect to two automobiles so seized and held, two separate claimants appeared by answer and plea of intervention; one claiming the Ford truck upon the ground of being a bona fide mortgagee without notice, and the other claiming to be the owner of the coach. Various contentions are set up in this respect which it will be unnecessary to notice specifically for the reason that the cause was submitted upon an agreed statement of facts, having been stipulated by counsel in open court, which facts must determine the sufficiency of the various counts and the rights of the parties in the premises.

The first count purports to be brought under the statute as found in 26 USCA § 1185 (Rev. St. § 3453); the second under 26 USCA § 306 (Rev. St. § 3281); and the third under 26 USCA § 1181 (Rev. St. § 3450).

The stipulated facts are substantially as follows: On the 11th day of August, 1931, there were upon the ranch of one McKechnie located in Albany and Laramie counties in the state of Wyoming, comprising 320 acres inclosed by a fence, certain property consisting of one 400-gallon copper still, dome, and coil, about 6,375 gallons of corn and cane sugar mash all fit and proper and intended for use in the illegal manufacture of whisky; that no permit had been granted for the manufacture of whisky on said premises; and that any whisky so manufactured would be subject to a tax imposed by law. Within the above-described inclosure, consisting of the 320 acres with the fence around it, was a stillhouse in which was found the paraphernalia and articles before mentioned, together with 600 pounds of sugar. About 75 feet from the stillhouse and within the so-called inclosure was found the Ford coach and about 300 yards from the stillhouse, and also within such inclosure the Ford truck. Three persons were at the time of the raid in charge of the still and other apparatus, to wit: Contos, Gustin, and Fisher. Thereafter Contos and Gustin were prosecuted and entered pleas of guilty in the federal court upon the charge of unlawfully possessing property fit for and intended to be used in the unlawful manufacture of whisky, said property consisting of the still and paraphernalia aforesaid. At the time the property was seized, Gustin stated to one of the government agents that the Ford coach belonged to him and that he had come to the premises in it. On or about August 10, 1931, the Ford truck had been driven by Fisher to the stillhouse, at which time he hauled approximately 1,800 pounds of sugar which he had unloaded at the stillhouse. On the 11th day of August, 1931, the said Fisher hauled from Cheyenne to the stillhouse several drums and coils and one fifty-gallon barrel which were also unloaded at the stillhouse; the truck then being driven to the place where it was seized. The truck was mortgaged and the mortgage assigned to the Securities Corporation, such mortgage and assignment being of record in the office of the clerk of Laramie county. Such Securities Corporation is the claimant in the case.

The coach, it is agreed, is shown by the records of Laramie county to be the property of one Pappas, who is the claimant for the same herein.

There is a suggestion in the trial briefs of counsel, by which method the cause was submitted to the court, that they are endeavoring to have the court determine whether or not the inclosure described in the agreed statement of facts was such as to bring the automobiles within the scope of those sections of the statute which pertain to the forfeiture of property found to be within the same inclosure with the property admittedly being used within the contemplation of the statute for the purpose of evading a tax imposed by law. I take it, however, that it would be fairly within the province of the court, in disposing of the issues involved, to determine that if one of the statutes invoked is available to the libelant it could not be considered as necessary to go further, as the questions raised by the other counts then become moot.

I am of the opinion that the statute as found in 26 USCA § 1181 (Rev. St. § 3450), is available to the government in successfully prosecuting the libel in this case upon the admitted facts. The sections containing the provisions in regard to an inclosure need not therefore be considered and construed in this case. The pertinent section reads as follows: "Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited; and in every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, and every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited. And every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine or penalty of not more than $500."

Under the first clause of this section it is provided that the materials, utensils, and other paraphernalia used with intent to defraud the United States of a tax shall be forfeited. It is stipulated that the still and other paraphernalia seized was intended to be used in the manufacture of a commodity in regard to which a tax is imposed by law according to the construction of the courts under the provisions of the Willis-Campbell Act § 5 (27 USCA § 3), which act provides that all penalties for violation of the revenue laws not directly in conflict with any provision of the National Prohibition Act are continued in force. United States v. Ryan, 284 U. S. 167, 52 S. Ct. 65, 76 L. Ed. 224.

The second clause of the above-quoted section provides that every vessel, boat, car, carriage, or other conveyance, and all things used in the removal or for the deposit or concealment of such goods or commodities in respect of which any tax is or shall be imposed, shall likewise be forfeited. Applying this portion of the section to the stipulated facts in the case at bar, it appears that the truck was used to haul sugar at different times to the still, which constitutes a use within the meaning of the statute for the deposit and concealment of the goods or commodities within the scope of the statute. It also appears, by the agreed statement of facts, that the coach was used by the parties unlawfully possessing and setting up the still, for their convenience in going to the place where the still was being or about to be operated, thereby bringing it likewise within the scope of the statute as a conveyance being used to bring about such deposit and concealment. In this view, both automobiles are by the facts brought within the purview of section 1181.

It is contended by the respondents that under any of the statutes innocent persons should not be penalized. This point was before the Supreme Court in Goldsmith, Jr.-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376, but evidently was not passed upon because the facts in the case did not require it. At page 512 of 254 U. S., 41 S. Ct. 189, 191, this is indicated by the following language: "And we also reserve opinion as to whether the section can be extended to property stolen from the owner or otherwise taken from him without his privity or consent."

Other courts have laid down the rule that the section now under discussion cannot be made to apply to the property seized

where it appears that the user is a trespasser or a thief. United States v. Two Barrels Whisky (C. C. A. 4) 96 F. 479; United States v. One Buick Roadster (D. C. Mont.) 280 F. 517; United States v. One Ford Coupe (D. C. Idaho) 21 F.(2d) 639. Admitting, for the purposes of a consideration of the point here (but not deciding), that such is the proper construction of the statute, it cannot be held to apply to the facts in this case. So far as the record here shows, the truck was lawfully in the possession of the parties who were using it, and the mortgagee is thereby not absolved from liability by virtue of his lack of knowledge as to the uses to which the property was being devoted; and likewise there is no evidence in this record which indicates that those using the coach were not doing so with the knowledge and consent of the owner. In any event and under the most liberal construction which the court might give to the statute respecting innocent claimants, the burden would be upon such claimants to show that their property was being used at the time by virtue of a trespass or a theft. Such burden has not been discharged.

For the reasons stated, the third cause of action in the libel will be sustained, and an appropriate decree may be entered thereon reserving to each respondent proper exceptions.