## UNITED STATES v. ONE FORD TRUCK, 1932 MODEL, ENGINE NO. BB5156107.

### No. 2320.

District Court, D. Wyoming.
April 25, 1933.

Ewing T. Kerr, Asst. U. S. Atty., of Cheyenne, Wyo., for libelant.

Harry B. Henderson, Jr., of Cheyenne, Wyo., for lien claimant.

KENNEDY, District Judge.

This cause is one in libel directed against a Ford truck in which it is sought to condemn, confiscate, and sell the said vehicle under and in accordance with the provisions of Title 26 USCA § 1181 (Rev. St. § 3450). The Budget System, Inc., a corporation organized and existing under the laws of the state of Utah, and without knowledge of any unlawful use of said truck, has intervened in the suit by virtue of a claim growing out of a conditional sales contract, of which the intervener became assignee in due course, by written assignment duly recorded in the office of the county clerk of the county in which the purchaser of said truck resided. The prayer of the intervening claimant is that its rights be respected and protected by the court in any action taken against the automobile.

The controversy grows out of the following circumstances, briefly stated: In November, 1932, upon certain premises located in the county of Lincoln, state of Wyoming, some 25 miles north of the town of Kemmerer, prohibition agents, following information imparted to them, discovered in a draw a stillhouse with a still in operation engaged in the manufacture of illicit whisky. Those in charge of the operation were thereupon placed under arrest and taken by a portion of the officials to the town of Kemmerer, while the other officials engaged in the raid, remained at the stillhouse. Some time later a truck occupied by two men arrived at the stillhouse, which said truck had in it a load of coal and a quantity of groceries. The truck was placed in a position to make reasonably convenient the matter of discharging the load. One of the occupants of the truck thereupon carried a portion of the groceries into the stillhouse and deposited them in a convenient place; the other occupant, found to be the driver, remaining upon or adjacent to the truck. At this point the prohibition officials placed under arrest the two men and seized the truck, said truck being the one against which the libel is here directed. All of the parties, including those who were first found in the stillhouse in charge of the operations and those who were occupants of the truck, were indicted in this court. One de-

fendant entered a plea of guilty, three were tried, and the indictment was nolled as to the other. The three defendants who stood trial were convicted by verdict of a jury and sentence was thereafter passed upon them, two of such defendants being the occupants of the truck which was seized in the manner aforesaid. The charge laid in the indictment was the unlawful possession and manufacture of liquor in violation of the National Prohibition Act.

As before stated, the libel is sought under 26 USCA § 1181, which reads as follows: "Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited; and in every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, and every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited. And every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine or penalty of not more than $500."

Under the provisions of the Willis-Campbell Act, 27 USCA § 3 (42 Stat. 222, 223, § 5), all laws relating to the manufacture, taxation, and traffic in intoxicating liquors were continued in force except such provisions as are directly in conflict with the provisions of the National Prohibition Act. Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081. 27 USCA § 40 (section 26, tit. 2, National Prohibition Act), provides for the confiscation and forfeiture of vehicles engaged in the unlawful transportation of intoxicating liquor, and also provides for the protection of innocent lien claimants, while under section 1181 of the revenue laws above quoted, no such protection is accorded. In United States v. One Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, it was held that there is no direct conflict between section 40 and section 1181. In Richbourg Motor Co. v. United States, supra, it was held that where vehicles are seized in the transportation of liquor and an arrest made in connection therewith, the confiscation and forfeiture of such vehicle must be proceeded with under said section 40 of the Prohibition Act.

It remains to consider whether or not in this libel upon the facts outlined, section 1181 has been properly invoked. It must be conceded that the facts, and in regard to them there is no dispute, form no basis for holding that the truck in question was at the time or at any time engaged in the illegal transportation of liquor, nor is there any suggestion which might lead to an inference that it was intended to use the truck in such transportation. It therefore follows as a natural sequence that section 40 is not available to the plaintiff for condemnation and forfeiture.

While it is argued that the two defendants who were occupants and in charge of the truck were innocent of any connection with the unlawful manufacture of liquor, this theory is set at naught by the verdict of the jury which convicted said defendants of said charge, carrying with it under the attendant circumstances the proper inference that the truck was being used in connection with such unlawful manufacture, as their actions in the premises were concerned only with the truck and its load.

There can be no doubt that the still and other paraphernalia were used and intended to be used in the manufacture of whisky in regard to which a tax is imposed under the provisions of the laws remaining in effect by virtue of the Willis-Campbell Act, regardless of the fact that under the circumstances here it would have been impossible for the manufacturer to have paid a tax should the attempt have been made. In regard to this it may be said that the law indicates methods by which the article here being manufactured could have been lawfully manufactured and made subject to the imposition of a tax. 27 USCA § 12. The second part of section 1181 provides for the forfeiture of any conveyance used in the deposit or concealment of commodities with the attempt to defraud the United States of the tax. In the case at bar, the truck with its load of coal and groceries played a part in the manufacture of the illicit product akin to that of the still itself. It therefore became a proper subject for libel under the section invoked.

All of the recent cases cited by counsel

for the claimant relate to the transportation of intoxicating liquor and are therefore not in point here. This court has in substance decided the question here involved in United States v. One Ford Truck, 3 F. Supp. 283.

As section 1181 makes no provision for the protection of an innocent lien claimant, it follows that no relief can be afforded the lien claimant here and such claim is therefore denied. The libelant may have a decree for the condemnation and forfeiture in due course, each party to be responsible for its own costs.