## HALSBAND v. COLUMBIAN NAT. LIFE INS. CO.

### No. 40.

Circuit Court of Appeals, Second Circuit.
Dec. 11, 1933.

Platt, Taylor & Walker, of New York City (Eli J. Blair, of New York City, of counsel), for appellant.

Julius S. Belfer and Belfer & Belfer, all of Brooklyn, N. Y. (Charles J. Belfer, of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This appeal is from an action at law upon a life insurance policy, removed from the state court for diversity of citizenship. The defence pressed is that the insured answered falsely certain questions in the application. He denied that he had "had any medical advice during the past five years," or "consulted" any "physician," or "suffered from, taken treatment for, or consulted a physician for any complaint or affection * * * of the throat or lungs," or "ever been on a restricted diet for any purpose." To prove that these answers were false the defendant called a physician, one Bram, who testified that about four and a half years before the policy was taken out, the insured went to an institution managed by Bram outside of Philadelphia where he remained for a fortnight. He came there with a doctor of his own who consulted with Bram about his case; he was sick at the time; was put on a restricted diet; was examined physically when he entered and daily thereafter and took medicine three or more times a day. He left in the company of the physician who brought him and was not cured of his ailment when he did, which was a continuing one and which might affect his general health. The institution was not one in which patients would be accepted who came merely for a rest. On the other side the plaintiff called the physician who brought the insured to Bram's office. This witness swore that it was not because the insured was sick, that he had advised him to go to the institution; that he had not been sick at the time; that he told Bram that the insured only wanted a rest from business worries, which the insured then confirmed; that the insured complained of no sickness; that while the witness was present, Bram did not ask him for his history, or talk with him of, or treat him for, any sickness; that he did not consult with Bram about the insured or advise with him about his treatment; and that he did not

bring him away when the insured left. He further swore that later Bram had told him that he would never testify that the insured had been sick while at his place. The plaintiff was the insured's nephew; he too was at the interview at Bram's; he confirmed the physician's version of the interview, and added that Bram did not examine the insured. He also confirmed what Bram had later said that he would never swear that the insured had been sick. In addition the plaintiff put in general proof of the insured's good health and activity. He had been fond of exercise and although fifty-six years old, had been in the habit of playing handball daily.

■ At the close of the evidence the defendant moved for a verdict on the ground that the defence was proved. The following then took place: "The Court: You make that motion upon the theory there is no question of fact to be presented to the jury? You do not desire to go to the jury on any question of fact? Mr. Fritz: Correct." The plaintiff's counsel then "joined in the motion, for a direction of a verdict for the plaintiff." The judge thereupon directed a verdict for the plaintiff, on which the defendant asked leave to withdraw his motion and go to the jury. This the judge refused because of the language just quoted, adding that he disbelieved Bram's whole story.

The doctrine of Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654, is that when both parties have moved for a verdict, the judge decides all disputed facts, and his decision has the force of a verdict. Empire, etc., Co. v. Atchison, T. & S. F. R. R., 210 U. S. 1, 28 S. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70, put a gloss upon this, by which the defeated party may ask to go to the jury after his motion had been denied. Cf. Sampliner v. Motion Pictures Patents Co., 254 U. S. 233, 41 S. Ct. 79, 65 L. Ed. 240. Laredo Nat. Bank v. Gordon, 61 F.(2d) 906 (C. C. A. 5), in requiring the party to reserve this right in advance of the motion, may go too far; we need not say. So far as we can find no case presents just the situation at bar; that is, one where the defeated party declared that he did not wish to go to the jury. It is pos-

sible indeed that the defendant's counsel did not understand what the judge had said, but he made no such protest at the time. He complained only of the quickness with which the motions were decided. We cannot say that his consent was not deliberate, or that his later attempt to go to the jury was anything but a retraction, after finding that the judge had ruled against him. It was too late. If he did not wish to have the jury pass on any questions, the only other tribunal available was the judge, who, while no doubt he might have relieved him from his consent, was certainly not bound to do so.

■ Thus the case comes before us as though after verdict. We are not embarrassed by the question as to when a jury must accept the testimony of an unimpeached and uncontradicted witness. Chesapeake & Ohio Ry. Co. v. Martin, 283 U. S. 209, 51 S. Ct. 453, 75 L. Ed. 983. Two witnesses directly contradicted Bram as to the original interview; they impeached him by putting in his mouth the declaration that he would never swear that the insured had been sick. If the judge believed these witnesses, he might discredit Bram's whole story, as he did. We can see no reason to intervene, though on the record we should hardly have reached the same result ourselves.

■ No inference could be drawn as to what the insured consulted Bram about, from the plaintiff's assertion that the communications between the insured and Bram were privileged. Pennsylvania R. R. Co. v. Durkee, 147 F. 99, 8 Ann. Cas. 790 (C. C. A. 2); U. S. v. Cotter, 60 F.(2d) 689, 691 (C. C. A. 2). Again we decline to follow Deutschmann v. Third Ave. R. R. Co., 87 App. Div. 503, 84 N. Y. S. 887. Cf. Travelers' Ins. Co. v. Pomerantz, 124 Misc. 250, 207 N. Y. S. 81. The dictum in People v. Hovey, 92 N. Y. 554, has never been followed by the Court of Appeals. We are not clear, however, despite what we said in Pennsylvania R. R. Co. v. Durkee, that the question is not one on which we ought to follow the law as declared by the highest court, if it had ever held that the inference was proper.

Judgment affirmed.