## EDENFIELD v. UNITED STATES.
### No. 7857.

Circuit Court of Appeals, Fifth Circuit.
Oct. 19, 1935.

Julian Hartridge, Asst. U. S. Atty., of Savannah, Ga., for the United States.

Before SIBLEY and WALKER, Circuit Judges, and HOLMES, District Judge.

SIBLEY, Circuit Judge.

The amended libel sought condemnation of a Ford automobile under both section

3450 and section 3453 of the Revised Statutes (26 USCA §§ 1441, 1620 (a), 1621). There was evidence that the claimant, H. D. Edenfield, had an illicit distillery several miles from his home, and in the inclosure at his dwelling a filtering and aging plant for the liquors. Within the same inclosure officers found 2,241 gallons of tax unpaid whisky, and in the garage the automobile in question in which was concealed an unopened gallon can of "bead oil." Bead oil is commonly used to put into distilled liquors after cooling to give them an appearance of being stronger or of higher test than they are, and thus to aid their sale. It has other uses too. Edenfield had been using bead oil at his distillery for a year, and had some there. He at first said the bead oil in the automobile was his, and was to be used in his filtering plant. He later said he had bought it for a friend whom he would not name. At the trial he testified he had bought it and brought it home in the car for one Warren, a veterinary surgeon, and did not know what Warren was going to do with it, and produced a receipted bill against Warren for it. Warren testified that its common use was to put in liquor, but he had got Edenfield to buy this for him to resell to others at a profit. The automobile was condemned, and the question is whether the evidence justifies it.

R. S. § 3450 (26 USCA § 1441) provides that whenever any goods whereon a tax is imposed or "any materials * * * proper or intended to be made use of for or in the making of such goods" are deposited or concealed in any place with intent to defraud the United States of the tax, the goods and materials shall be forfeited; "and in every such case * * * every vessel, boat, cart, carriage, or other conveyance whatsoever * * * used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited." The question is whether this bead oil was a material proper or intended to be used in the illicit making of distilled liquor. A negative answer is urged because the oil is added after the distillation is complete and after the tax on the liquor has been incurred. But it is added before the manufacture is complete and before the product is to be offered for sale. The oil changes the appearance of the liquor and makes it more salable. Adding coloring matter to simulate aging, or flavoring matter to improve the taste, would be similar operations. Ingredients thus added by the maker are all materials used in the manufacture. That the purpose of the use is fraudulent and improper in that sense does not make any difference. We think this bead oil could be found to be a material proper, and intended to be used in the making of distilled liquors in fraud of the federal tax.

The testimony that the bead oil was not Edenfield's but Warren's does not require acquittal of the automobile. It does not stand uncontradicted, but is opposed by the claimant's own admissions. Edenfield at first said the oil was his, and the statement is corroborated by his extensive distilling operations in which he customarily used it. This first statement might be accepted as nearer the truth than the account later given. But even if the bead oil was bought for and belonged to Warren, they both knew what it was used for locally, and there is no reason to doubt that it was intended for use in illicit distilling and was "material" subject to forfeiture under the statute. It was removed and concealed in this car by the owner of the car and would authorize its condemnation. It is unnecessary to consider R. S. § 3453 (26 USCA §§ 1620 (a), 1621).

Judgment affirmed.