UNITED STATES v. ONE CHEVROLET 1935 SEDAN, ENGINE NO. 4980926, SERIAL NO. 12EA035274.

District Court, W. D. New York.
Dec. 20, 1935.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (R. Norman Kirchgraber, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for plaintiff.

George M. Raikin, of Buffalo, N. Y. (John K. Gerken, of Buffalo, N. Y., of counsel), for claimant.

RIPPEY, District Judge.

On April 19, 1935, the duly authorized officers of the Bureau of Internal Revenue, Alcohol Tax Unit, seized the automobile which is the subject of this libel at 39 Riverdale avenue in the town of Tonawanda, N. Y., in which, at that time, there were being transported two five-gallon cans of nontax paid distilled spirits in violation of section 1181 of title 26 of the U.S.C.A. (see 26 U.S.C.A. § 1441). The value of the car was $500. A libel was filed under section 1185 of title 26 of the U.S.C.A. (see 26 U.S.C.A. §§ 1620(a), 1621) praying for a decree condemning the automobile as forfeited to the United States and to the Alcohol Tax Unit of the Treasury Department, in pursuance to section 18 of title 3 of the National Prohibition Act (27 U.S.C.A. § 88). At the time the automobile was seized, it was in the possession of Stephen Gesek, who was operating it, and another, both of whom were then under arrest.

Subsequent proceedings were had and Helen Gesek filed an answer to the libel in which she alleged that she was the owner of the automobile and that the same had been taken from her possession without her permission, knowledge, or consent and that she had no knowledge of and did not authorize the use of the automobile for the transportation of the nontax paid spirits or for any other purpose by the person or persons having custody and control of the automobile at the time of the seizure.

The case was put on trial, and at the close of plaintiff's case the claimant moved to dismiss the libel on the ground that as a matter of law the government must fail, it having been shown on plaintiff's case that Helen Gesek was the owner of the automobile. This motion was denied. Helen Gesek thereupon testified that she was the owner of the car and did not know that her son Stephen had the car at the time the seizure was made. She also testified that she had prohibited him from driving the car at any time. He had previously, according to her testimony,

had a car of his own and had been involved in a serious accident; she had turned in the wrecked car toward a new car, being the one seized, and had paid the difference therefor out of her own money. The title to the car, she testified, stood in her name, but she did not have an operator's license and was herself unable to operate an automobile. There was other testimony given by her and by others during plaintiff's case which raised a question of fact as to whether or not she was the owner of the car in question and also as to whether or not, assuming that she was the owner, she had given her consent to the use of the car at the time of the seizure, or whether or not it was used with her knowledge or authorization at that time, and, of course, the credibility of Helen Gesek was solely for the jury. Those matters became questions of fact for the jury only in the event that the car could not be libeled and forfeited to the government if it was in use at the time of the seizure without the owner's knowledge, consent, or authorization.

■ It was assumed by the attorney for claimant at all times that there was no question of fact to be submitted to the jury in the case, and that, on the undisputed evidence, it became a question of law for the court. At the close of the case the attorney for claimant made the following motion:

"Now, at this time, if your Honor please, I move for a direction of a verdict on the ground that it affirmatively appears that the car was not taken on the 19th day of April, 1935, with her knowledge and consent; and further it affirmatively appears that she had no part in the transportation of this alcohol, had never given the son any permission to use that car, and the automobile was a stolen vehicle taken from her possession unlawfully, and I have a memorandum, if the Court please, on that."

Plaintiff's attorney thereupon moved for a direction of the verdict in behalf of the government, substantially on the ground that the automobile was subject to forfeiture by virtue of the fact that there were found thereon two five-gallon cans of nontax paid alcohol, regardless of the ownership of the car. Considerable discussion took place between court and counsel, and counsel for the claimant argued and submitted a brief purely on the question of law, and did not then or at any time request to go to the jury upon any specific question or for the submission of any specific instructions to the jury. The court thereupon directed the jury to find a verdict in favor of the government, and the clerk entered the verdict as directed upon the minutes of the court. Thereupon claimant's attorney asked permission to withdraw his motion for direction of a verdict and the court denied the motion on the ground that it was too late. That ruling was correct. Howell v. Wright, 122 N.Y. 667, 25 N.E. 912; Persons v. Hawkins, 41 App.Div. 171, 58 N. Y.S. 831; Halsband v. Columbian Nat. Life Ins. Co. (C.C.A.) 67 F.(2d) 863, certiorari denied, 291 U.S. 681, 54 S.Ct. 531, 78 L.Ed. 1068. The defendant thereupon moved for a new trial and that the verdict of the jury be set aside "on the ground that it is contrary to law." The court thereupon inquired whether the motion was being made on all the grounds set forth in section 549 of the New York Civil Practice Act, and claimant's attorney stated that it was upon all the grounds that he had previously stated. That motion is now up for decision.

The exception to the refusal of the court to permit claimant's counsel to withdraw his motion for direction of verdict was not error, as above indicated. If claimant's counsel had requested the court to submit any specific issue to the jury, it seems that, even after the court had directed a general verdict for the government, it might have been error not to submit such specific issues for the jury's determination. Empire State Cattle Co. v. Atchison, T. & S. F. Ry. Co., 210 U.S. 1, 28 S.Ct. 607, 52 L.Ed. 931, 15 Ann.Cas. 70; Shultes v. Sickles, 147 N.Y. 704, 41 N.E. 574; Happel v. Lehigh Valley R. Co., 210 App.Div. 461, 206 N.Y.S. 726; Brown Paint Co. v. Reinhardt, 210 N. Y. 162, 104 N.E. 124. The fact here is that no hasty action was taken by the court. The matter was discussed at length between court and counsel, and both counsel insisted that there was no question of fact, but solely a question of law as to whether, under the statute, a stolen car could be the subject of forfeiture.

■■ However, if it be contended at this late day that issues of fact existed which should have been submitted and the question is now before the court, the motions of the attorneys at the close of the

entire case amounted to a submission of the whole case to the trial judge, and his decision upon the facts has the same effect as if the jury had found a verdict in the plaintiff's favor after submission of the case to them. Adams v. Roscoe Lumber Co., 159 N.Y. 176, 181, 53 N.E. 805; Beuttell v. Magone, 157 U.S. 154, 15 S.Ct. 566, 39 L.Ed. 654; Williams v. Vreeland, 250 U.S. 295, 39 S.Ct. 438, 63 L.Ed. 989, 3 A.L.R. 1038; Shultes v. Sickles, supra. The court thus passed upon the credibility of the witnesses and upon all questions of fact in the case, and necessarily found that the driver of the automobile had authority of the record owner of the car to use the car, or that it was in his possession with her knowledge. There was sufficient evidence to sustain such a finding, and it cannot be said that the finding was contrary to or against the weight of the evidence or contrary to law.

It was really urged that there was no question of fact in the case, that it was not only established without dispute that Helen Gesek was the owner of the car, but that it was used without her knowledge or consent at the time of the seizure and that the only question was one of law as to whether a stolen car is the subject of forfeiture. That is, in fact, the real question in the case and is so considered in the briefs of counsel on the motion for a new trial.

█ So far as this case is concerned, the driver of the car was guilty of violation of the Internal Revenue Act and subject to the penalty provided in section 3450 of the Revised Statutes (26 U.S.C.A. § 1441). Subdivision (b)(3) reads as follows:

"*Conveyances.* Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

█ Counsel for the claimant, to sustain their contention, cited a number of cases. Among these is the case of United States v. One Ford Truck (D.C.) 3 F.Supp. 283. In that case the coach and truck were not used in the illegal transportation but were found upon the premises. It was found as a fact that both cars were rightfully in the possession of the users and thereby came within the meaning of the statute. The court specifically declined to decide the question as to what the result might be in the event that the cars had been stolen or illegally removed from the possession of the owners or mortgagees. In the case of United States v. One Buick Roadster et al., 280 F. 517, it was held by a District Court in Montana that the statute might be so construed as to exclude from forfeiture an automobile secretly removed from the bailee's premises by a person unlawfully transporting whisky, under the provisions of the National Prohibition Act. In the case of United States v. One Ford Truck (D.C.) 3 F.Supp. 286, the question of the right of the government to condemn a car stolen from the owner was not involved. In the case of United States v. Two Barrels of Whisky et al., 96 F. 479, it was specifically held in 1899 by the Circuit Court of Appeals for the Fourth Circuit that section 3450 of the Revised Statutes did not embrace as a subject of forfeiture a horse, mule, and wagon used in the illegal transportation of nontax paid liquor without the knowledge or consent of the owner. Nevertheless, the same court overruled that decision in United States v. One Saxon Automobile et al., 257 F. 251. It has been consistently held that where the means of transportation of nontax paid distilled spirits was rightfully in the possession of the user, although the owner or mortgagee did not know of or had not consented to the illegal use, the vehicle is forfeitable under the provisions of the statute. United States v. Two Bay Mules *(D.C.) 36 F. 84; Van Oster v. State of Kansas, 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354, 47 A.L.R. 1044; Dobbins' Distillery v. United States, 96 U.S. 395, 24 L.Ed. 637; Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 191, 65 L.Ed. 376. No case has been called to the court's attention arising in any United States court in the Second Circuit in which the question has been passed upon. The Supreme Court has specifically reserved decision on the question "as to whether the section can be extended to property stolen from the owner or otherwise taken from him without his privity or consent" (Goldsmith, Jr.-Grant Co. v. United States, supra), although the court in United States v. One Ford Coupe Automobile, 272 U.S. 321, at page 325, 47 S.Ct. 154, 155, 71 L.Ed. 279, 47 A.L.R. 1025, said:

"If a forfeiture may be had under section 3450 for such use of a vehicle to

evade a tax on illicitly distilled liquor, the interests of innocent persons in the vehicle are not saved. If section 26 is the only applicable provision for forfeiture of the car, the interests of those who are innocent are not forfeited."

That is to say, Congress has provided for protection of innocent owners of automobiles under section 26, title 2, of the National Prohibition Act (27 U.S.C.A. § 40), but did not provide for the protection of innocent owners under section 3450 of the Revised Statutes relating to internal revenue.

 Attention might be directed to the fact that as far back, at least, as 824 A. D., under Roman Law, the thing involved in illegal use was the subject of forfeiture or destruction, regardless of the innocence of the owner, and the same seems to have been the rule in various jurisdictions down to date, except as above indicated. At least, the court has not found anything to the contrary. It has been so held in the District Court of Wyoming (United States v. One Ford Truck, 3 F. Supp. 286) and in the Circuit Court of Appeals Fourth Circuit United States v. One Saxon Automobile et al., 257 F. 251), where the section in question was up for construction. It is, of course, the rule that in construing a statute such construction shall be given to it as not to bring about an absurd or unjust result and that the legislative intent controls rather than the literal construction of words. Such rules apply only in cases where the legislative intent is not clear or where the wording of the statute is ambiguous. There is nothing ambiguous or doubtful in regard to the wording of section 1181 and there is no occasion for construction. The Circuit Court of Appeals in the case of United States v. One Saxon Automobile, supra, has appropriately disposed of the contention that the statute is open to construction (257 F. 251, 253). There it was said:

"The same practical considerations apply with force to the use of automobiles in violation · of the statute now before us. The enforcement of the revenue statute concerning transportation of liquor is difficult, because of the facility with which automobiles may be used for that purpose without detection. If one thus engaged in illicit transportation could protect his automobile from forfeiture on proof that the legal title was in some one else, or that some one else had a mortgage on it, the difficulty of enforcing the law would be greatly increased, and the penalty of forfeiture almost always evaded.

"It seems to us the statute requiring forfeiture is explicit, leaving no room for construction. It is true that it is not violated unless the liquor is removed with intent to defraud the United States of the taxes. But, when fraud in the removal is shown, the statute provides that the conveyance used for the purpose shall be forfeited. There is no limitation or exception that the forfeiture shall depend upon proof of fraud in the owner of the conveyance or on any other condition."

To hold otherwise, it would be. necessary for the court to import into the statute something for which the Congress did not provide.

Attention is invited to the fact that on August 27, 1935, Congress passed what is known as the Liquor Law Repeal and Enforcement Act, 49 Stat. 872, which (section 1) expressly repeals titles 1 and 2 of the National Prohibition Act and enacts section 204 (27 U.S.C.A. § 40a) pertaining expressly to libel proceedings. That section provides for protection of innocent owners of property, in a case such as the one at bar, after forfeiture has been declared, and sets out the proceedings that may be taken for relief. The enactment of the foregoing section not only indicates that Congress had in mind the fact that there was no protection for innocent owners under section 1181, but that the government should not be handicapped in the matter of collecting its revenue or in the imposition of forfeitures for violations of the revenue laws, unless the facts warranted relief for innocent owners after forfeiture had been declared. Whether any provisions of the Liquor Law Repeal and Enforcement Act has or may have any bearing upon proceedings in connection with the car here involved is not passed on, and it is not now before the court.

It necessarily follows from the above that the ownership of the car by the claimant or her lack of knowledge of the purposes for which it was to be used or her lack of consent to its use was not material on the question of the right of the government to have the car declared forfeited. The only matter that was material was whether or not the car was

used in the transportation of nontax paid distilled spirits, and that fact is conceded.

The motion for a new trial must therefore be denied, and it is so ordered.