## YELLOW MFG. ACCEPTANCE CORPORATION v. UNITED STATES.

### No. 7816.

Circuit Court of Appeals, Ninth Circuit.

May 25, 1936.

Albert E. Sheets, of Sacramento, Cal., for appellant.

H. H. McPike, U. S. Atty., and W. E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., and G. B. Hjelm, of Turlock, Cal., for the United States.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

GARRECHT, Circuit Judge.

This case comes here on appeal from an order of forfeiture of one G. M. C. truck and trailer, property in controversy in a certain libel brought under the provisions of section 3450, Revised Statutes (26 U.S.C.A. § 1441), which reads as follows: "Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited; and in every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, and every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited. And every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine or penalty of not more than five hundred dollars."

From the evidence adduced and the findings of the court the following facts appear: On November 23, 1933, at 4 o'clock a. m., certain government officers seized a large still and still apparatus at the Mencarini-McCauley Ranch, situated in the county of San Joaquin, Cal. Said still and still apparatus had been in operation for at least two weeks prior to the seizure, without having been registered as required by law, and the operators of said still had failed to give the notice required by statute. For at least that period of time the still and apparatus were used in the business of distilling alcohol, and the person or persons so engaged in such distilling at said time and place had failed to give the bond prescribed by statute and no such bond had been given on behalf of such person or persons. At said time and place fermented mash, wort, and wash, fit for distillation were being made at said still and by said apparatus, and by method of distillation there carried on alcohol was produced by being separated from such mash, wort, and wash.

The mash which had been used at the still was made in part by the use of molasses, which was necessary and required in the distilling operation carried on as aforesaid at said still during all of said times.

On said November 23, 1933, the government officers in their official capacity, on a public highway, connected with a private road leading to said still, and about two miles distant therefrom, seized the said G. M. C. truck, its tools, apparatus and trailer. At the time of the seizure the truck and trailer were standing on said road at the place above mentioned, facing in the direction of the still, and had loaded thereon, in a tank constituting a part of said truck and trailer, approximately 2,500 gallons of molasses, which molasses was a material proper to be used for and in making distilled

spirits, and which was intended to be so used at said still. In respect to said alcohol certain taxes are imposed which are due to the United States of America. Said molasses which was in and upon the truck in said container at the time of seizure was being removed, deposited, and concealed by use of said truck and trailer with the intention had by the person or persons in control and possession of said truck, appurtenances, and trailer to convey said material to said still and still apparatus for the purpose of using said molasses and still apparatus in the making of alcohol being goods and commodities taxable by the United States. Before the seizure the truck and trailer were in the possession of a person who was driving the same in the direction of said still and immediately before the seizure the operator abandoned said truck and fled. The court found, and it is not contended otherwise, "that said truck was at all said times being used for and in the purpose of defrauding the United States of its revenue" and "that the said taxes imposed, as aforesaid, had not been paid and the said material was concealed, deposited and removed in said truck as aforesaid with intent to defraud the United States of said taxes."

It was stipulated that said truck and trailer were sold under a conditional sales contract, the vendor's interest being in appellant. The court also found that appellant "had no knowledge or notice that the said truck would be or was used in the unlawful manner and for the unlawful purpose as herein found."

It is conceded that the material, i. e., the molasses, carried on the truck was in a tank marked "Inflammable," which suggests a purpose of concealment, and also that the molasses was designed for use in the making of liquor and that the persons intending to put it to this use had no intention of paying the tax. But it is insisted that because the appellant had an equitable interest in the truck and was without knowledge of its unlawful use, the truck is not forfeitable under the statute in question.

■ The appellant contends that section 26 of title 2 of the National Prohibition Act (27 U.S.C.A. § 40) repealed by implication the provisions of Revised Statutes, § 3450, and cites the cases of Richbourg Motor Co. v. United States, 281 U.S. 528, 50 S.Ct. 385, 74 L.Ed. 1016, 73 A.L.R. 1081, and United States v. Southern Agency Co., 66

F.(2d) 336, 337 (C.C.A. 10). As pointed out in these decisions, the court was there dealing with cases involving the unlawful transportation of intoxicating liquor and the forfeiture claimed being expressly limited by section 26 of title 2 of the National Prohibition Act; but these decisions do not hold that section 3450, which is a revenue statute, had been repealed. This had already been made clear by the court in the case of United States v. One Ford Coupe Automobile, 272 U.S. 32., 327, 47 S.Ct. 154, 156, 71 L.Ed. 279, 47 A.L.R. 1025, where it was said: "The continued existence of taxes upon illicit liquor is indicated in section 35 of the National Prohibition Act (page 317 [27 U.S.C.A. § 52]), which provides: 'This act shall not relieve anyone from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor.' That Congress in enacting that law would intentionally have exempted illicit liquor from taxation, is not likely. Moreover, we are not dealing with the construction of the law as enacted in 1919. The Willis-Campbell Act (Act Nov. 23, 1921, c. 134, § 5, 42 Stat. 222, 223 [27 U.S.C.A. § 3]), supplemental thereto, continued in force or re-enacted, by express provision, all laws in regard to the taxation of intoxicating liquor not directly in conflict with the prohibitory legislation. Furthermore, the Revenue Act of 1921 (Act Nov. 23, 1921, c. 136, § 600, 42 Stat. 227, 285 * * *), enacted on the same day, shows that Congress had no intention then of relieving liquor from taxation merely because illegally dealt with."

Further, in the same case, the Supreme Court said, 272 U.S. 321, at pages 330, 331, 47 S.Ct. 154, 157, 71 L.Ed. 279, 47 A.L.R. 1025:

"The claimant contends that section 3450, in so far as it applied to intoxicating liquor, was superseded by section 26 of [title 2 of] the National Prohibition Act. There was no repeal in terms. There cannot be held to have been a repeal by implication, unless section 3450 is in direct conflict with some provision of the National Prohibition Act or of the supplemental act; for Congress has declared in section 5 of the Willis-Campbell Act that, in ascertaining its intention in this connection, the standard of mere inconsistency, which had been applied in United States v. Yuginovich, 256 U.S. 450, 41 S. Ct. 551, 65 L.Ed. 1043, shall not prevail. * * *

"In the absence of conflict resulting from differences in the scope and purposes of the statutes, the claim of implied repeal must rest upon essential conflict incident to the prescribed methods of their operation. None such has been shown. Direct conflict is not established by showing merely differences in details of procedure."

Further, Mr. Justice Stone, who delivered the opinion for the court in Richbourg Motor Co. v. United States, supra, in the later case of United States v. Ryan, 284 U.S. 167, at page 172, 52 S.Ct. 65, 67, 76 L.Ed. 224, in construing Revised Statutes, § 3453, 26 U.S.C.A. §§ 1620 (a), 1621, also a revenue statute providing forfeitures, has this to say: "We are not called upon to give a strained interpretation in order to avoid a forfeiture. Statutes to prevent fraud on the revenue are construed less narrowly, even though a forfeiture results, than penal statutes, and others involving forfeitures. United States v. Stowell, 133 U.S. 1, 12, 10 S.Ct. 244, 33 L.Ed. 555."

Again commenting on the arguments as to certain distinctions there being made, the learned justice said (284 U.S. 164, at page 174, 52 S.Ct. 65, 67, 76 L.Ed. 224): "There is no such plain or obvious distinction to be made, in a section devised for the protection of the revenue, between articles associated with illicit manufacture and those associated with illicit possession, each equally frauds upon the revenue, as to be persuasive that the present act was designed to hit the first and not the second. The companion section, 3450 (26 U.S.C.A. § 1181, 1182), authorizing the forfeiture of vehicles and horses used for propelling them made no such distinction. By it, vehicles used for transporting or concealing taxable articles with the prescribed intent are forfeitable, as well as those used to transport or conceal contraband raw material or implements of manufacture. See Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; United States v. One Ford Coupé, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025."

In the case of Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376, the court considered the contention that Congress only intended to condemn the interest of the guilty possessor of the property and not to forfeit the title of the innocent owner. In answer to this argument the court said (254 U.S. 505, at page 510, 41 S.Ct. 189, 190, 65 L.Ed. 376):

"Regarded in this abstraction the argument is formidable, but there are other and militating considerations. Congress must have taken into account the necessities of the government, its revenues and policies, and was faced with the necessity of making provision against their violation or evasion and the ways and means of violation or evasion. In breaches of revenue provisions, some forms of property are facilities, and therefore it may be said, that Congress interposes the care and responsibility of their owners in aid of the prohibitions of the law and its punitive provisions, by ascribing to the property a certain personality, a power of complicity and guilt in the wrong. * * *

"Whether the reason for section 3450 be artificial or real, it is too firmly fixed in the punitive and remedial jurisprudence of the country to be now displaced. Dobbins' Distillery v. United States, 96 U.S. 395, 24 L.Ed. 637, is an example of the rulings we have before made. * * * It is the ruling of that case, based on prior cases, that the thing is primarily considered the offender."

See, also, United States v. One Haynes Automobile et al., 290 F. 399, 400 (D.C. Cal.). The following cases may also be referred to: Edenfield v. United States (C.C.A.) 79 F.(2d) 515 (C.C.A. 5); United States v. One Ford Truck, 46 F.(2d) 176 (D.C.Tex.); United States v. One Ford Truck, 3 F.Supp. 283 (D.C.Wyo.); United States v. One Ford Truck, 3 F.Supp. 286 (D.C.Wyo.).

The appellant also argues that section 3450 authorizes the forfeiture only of vehicles transporting liquor and does not apply to vehicles transporting raw materials; and, furthermore, that: "The facts of removal, concealment or deposit are not proved so as to bring the transportation within the meaning of 'remove,' 'conceal' or 'deposit,' as used in the statute."

In support of its contention that section 3450 does not authorize the forfeiture of vehicles transporting raw materials used in the manufacture of intoxicating liquor, the appellant makes a detailed analysis of the section in question. The appellant's argument, though ingenious, is not supported by the weight of authority. Indeed, the appellant refers to only one decision that interprets the statute as the

168

appellant would have us construe it. That decision was handed down by the United States District Court for the Western District of Virginia, in the case of United States v. One Chevrolet Truck Automobile, 8 F.Supp. 271, 272, 273.

On the other hand, in the excerpt quoted from Richbourg Motor Company v. United States, Mr. Justice Stone in United States v. Ryan, 284 U.S. 167, at page' 174, 52 S.Ct. 65, 76 L.Ed. 224, made it clear that section 3450 makes no distinction b'etween vehicles carrying taxable articles and those carrying raw materials for the manufacture of intoxicating liquor. The learned justice's language is unequivocal, and plainly pertinent to the situation here presented: "By it [section 3450], vehicles used for transporting or concealing taxable articles with the prescribed intent are forfeitable, as well as those used to transport or conceal contraband raw material or implements of manufacture. [Cases cited.]"

In view of this unmistakable pronouncement by the Supreme Court, it is unnecessary to labor the point further, other than to cite the following decisions to the same effect: United States v. One Bay Horse (D.C.) 270 F. 590, 591, 592; United States v. One Ford Truck (D.C.) 46 F.(2d) 176, 177; United States v. One Ford Truck (D.C.) 3 F.Supp. 283, 285; United States v. One Ford Truck (D.C.) 3 F. Supp. 286, 287.

■ As to the appellant's argument that the seized truck was engaged in "transportation" and not in "removal," "concealment," or "deposit," and was therefore not within the purview of section 3450, we need but to refer to Mr. Justice Stone's opinion in the Richbourg Motor Company Case, quoted supra. That opinion makes it clear that, as used in section 3450, "removal" is synonymous with "transportation"; for Mr. Justice Stone says: "By it [section 3450], vehicles used for *transporting* or concealing taxable articles with the prescribed intent are forfeitable, as well as those used to *transport* or conceal contraband raw material or implements of manufacture." [Italics our own.]

Quite aside from this, however, it is plain that, in the instant case, there was at least "concealment" of the molasses, which was contained in a tank marked "Inflammable." And, since the statute uses the disjunctive, "concealment" is sufficient to render the vehicle forfeitable.

■ In a word, under the decisions already referred to, we believe that the distinctions sought to be made by the appellant are not tenable. "We are not called upon to give a strained interpretation" in order to avoid a forfeiture.

Decree affirmed.