Louis M. Shimel, Asst. Dist. Atty., of Charleston, S. C.

S. H. Edmunds, Jr., of Charleston, S. C., for defendant.

MYERS, District Judge.

This is a libel of forfeiture brought under the provisions of Section 3450 of the Revised Statutes, 26 U.S.C.A. § 1441, to forfeit a Ford Truck upon the ground that it had concealed and deposited therein a 60-gallon metal boiler, a 120-gallon wood still, a 120-gallon wood doubler, metal pipe connections, a 60-gallon flakestand, three 400-gallon wood fermenters, three 60-gallon wood fermenters, and buckets, intended to be made use of for and in the production of distilled spirits, with intent to defraud the United States of the tax due on the distilled spirits produced and intended to be produced. The claimant filed an answer and alleged in the 7th paragraph thereof that the libel of information does not state facts sufficient to constitute a cause of action against the truck, for the reason that it appeared upon the face of the libel that the truck contained only materials upon

## UNITED STATES v. ONE 1936 MODEL FORD DUMP TRUCK.

### No. 4165.

District Court, E. D. South Carolina.

Dec. 5, 1938.

which no tax is imposed under the internal revenue laws, and that it did not contain articles upon which a tax is imposed, and that, therefore, Section 3450 of the Revised Statutes does not authorize the forfeiture of the truck.

The Government moved to strike paragraph 7 from the answer upon the ground that the statements contained in that paragraph are insufficient and do not constitute any defense as a matter of law.

The decision of the motion depends upon the construction of Section 3450 of the Revised Statutes, which, so far as it relates to forfeitures, reads as follows: "Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited. * * * In every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, shall be forfeited. * * * Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

██ I am of the opinion that this Section subjects to forfeiture not only vehicles containing goods which are subject to tax but also vehicles containing materials to be used in the making of such goods.

██ In the case of United States v. Stowell, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555, the Supreme Court said [page 245]: "By the now settled doctrine of this court, * * * statutes to prevent frauds upon the revenue are considered as enacted for the public good, and to suppress a public wrong, and therefore, although they impose penalties or forfeitures, not to be construed, like penal laws generally, strictly in favor of the defendant; but they are to be fairly and reasonably construed, so as to carry out the intention of the legislature."

In the case of United States v. Ryan, 284 U.S. 167, 52 S.Ct. 65, 76 L.Ed. 224, the Supreme Court said [page 67]: "We are not called upon to give a strained interpretation in order to avoid a forfeiture. Statutes to prevent fraud on the revenue are construed less narrowly, even though a forfeiture results, than penal statutes and others involving forfeitures. United States v. Stowell, 133 U.S. 1, 12, 10 S.Ct. 244, 33 L.Ed. 555; Smythe v. Fiske, 23 Wall. 374, 380, 23 L.Ed. 47; United States v. Hodson, 10 Wall. 395, 406, 19 L.Ed. 937; Cliquot's Champagne, 3 Wall. 114, 145, 18 L.Ed. 116; Taylor v. United States, 3 How. 197, 210, 11 L.Ed. 559."

All of the decisions, with the exception of the one hereinafter alluded to, which have been called to my attention, hold that vehicles containing material intended to be used for the manufacture of articles upon which a tax is imposed are forfeitable under the statute, if they are concealed or transported with the intent to defraud the United States of the tax imposed upon such articles.

In the case of United States v. One Bay Horse et al., 270 F. 590, D.C.N.D.Ga., the Court ordered the forfeiture of a horse, wagon and a set of harness used for the removal of a still.

In the case of United States v. One Ford Truck, 3 F.Supp. 283, D.C.D.Wyo., the Court ordered the forfeiture of a truck containing sugar.

In the case of United States v. One Ford Truck, 3 F.Supp. 286, D.C.D.Wyo., the Court ordered the forfeiture of a truck containing coal and groceries.

In the case of United States v. One Ford Truck, 46 F.2d 176, D.C.S.D.Texas, Houston Division, the Court ordered the forfeiture of a truck containing sugar. In this case the Court said [page 177]:

"The principal contention seems to be that the statute does not provide for the forfeiture of a vehicle containing materials to be used in the making of goods which are subject to tax, but only of such vehicles as contain the goods or commodities themselves so subject.

"The same point was made and disposed of adversely to intervener in the case of United States v. One Bay Horse (D.C.) 270 F. 590, and I am content to follow that decision, which seems to me to reasonably construe the statute and give it reasonable effect."

In the case of Edenfield v. United States, 5 Cir., 79 F.2d 515, the Court affirmed a judgment ordering the forfeiture of an automobile containing bead oil.

In the case of Yellow Mfg. Acceptance Corporation v. United States, 9 Cir., 84 F. 2d 164, the Court affirmed a decree ordering the forfeiture of a truck and trailer containing molasses.

The decision referred to above holding that an automobile containing materials used in the manufacture of goods is not forfeitable is the case of United States v. One Chevrolet Truck Automobile, 8 F. Supp. 271, D.C.W.D.Va. In that case the Court points out that the statute involved had not been construed by the courts of highest authority and that it hoped that the Government would appeal in order that we may have an authoritative ruling in this circuit upon the construction of this statute. Apparently the Court's attention was not called to the case of United States v. Ryan, 284 U.S. 167, 172, 52 S.Ct. 65, 67, 76 L.Ed. 224, in which the Supreme Court said:

"The companion section, 3450 [26 U.S. C.A. §§ 1156, 1441], authorizing the forfeiture of vehicles and horses used for propelling them made no such distinction. By it, vehicles used for transporting or concealing taxable articles with the prescribed intent are forfeitable, as well as those used to transport or conceal contraband raw material or implements of manufacture. See Goldsmith-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; United States v. One Ford Coupe, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025.

"The separation by the revisers of the first clause from the other two by a period instead of a semicolon, retaining the conjunction 'And,' and the dropping of the conjunction 'also' from the second and third clauses, are changes hardly substantial enough to warrant any changed construction of the section. McDonald v. Hovey, 110 U.S. 619, 629, 4 S.Ct. 142, 28 L.Ed. 269; Anderson v. Pacific S. S. Co., 225 U.S. 187, 199, 32 S.Ct. 626, 56 L.Ed. 1047; see Buck Stove Co. v. Vickers, 226 U.S. 205, 213, 33 S.Ct. 41, 57 L.Ed. 189."

It is, therefore, ordered that the motion to strike paragraph 7 from the answer be and hereby is granted.