## UNITED STATES v. ONE FORD TRUCK.

### No. 150 of 1941.

District Court, E. D. Pennsylvania.

April 13, 1942.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa. (J. Lawrence Grim, Asst. U. S. Atty., of Philadelphia, Pa., and Julian R. Eagle, Alcohol Tax Unit, Internal Revenue

**416**

Bureau, of Philadelphia, Pa., of counsel), for plaintiff.

Tobias Goldberg, of Philadelphia, Pa., for claimant.

KALODNER, District Judge.

■ Is a motor vehicle used in the transportation of raw materials (molasses), intended for use in the operation of an illegal distillery in fraud of the revenue, subject to forfeiture under Section 3321 [1] of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3321?

In United States v. One Chevrolet Truck Automobile, etc., D.C., 1934, 8 F.Supp. 271, the court held that although the sugar and other materials hauled by the defendant truck were subject to forfeiture, under the provisions of R.S. Sec. 3450 (virtually identical with the present Sec. 3321) the truck itself was not.

In discussing Sec. 3450, the court in the case cited expressed the opinion that while the provisions of Sec. 3450 authorized the forfeiture of both the truck and its contents when the contents consisted of the finished taxable commodity—the liquor—that in all other instances only the raw materials or equipment, etc., hauled by the truck were to be forfeited and not the truck itself.

A contrary view was taken in Yellow Mfg. Acceptance Corporation v. United States, 8 Cir., 1936, 84 F.2d 164; United States v. One Ford Truck, etc., D.C. 1932, 3 F.Supp. 283; United States v. One Ford Truck, etc., D.C., 1933, 3 F.Supp. 286; United States v. One Ford Truck, D.C., 1931, 46 F.2d 176.

I am in accord with the interpretation given to Sec. 3450 in the Yellow Mfg. Acceptance Corporation case, supra, and the other cases cited, and accordingly am of the opinion that both the raw material hauled by the truck, and the truck itself, are subject to forfeiture.

In United States v. Ryan, 1931, 284 U.S. 167, 174, 52 S.Ct. 65, 76 L.Ed. 224, the Supreme Court of the United States specifically stated that a truck used for transporting raw materials is subject to forfeiture.

In discussing Sec. 3450, the court said (page 174 of 284 U.S., page 67 of 52 S.Ct., 76 L.Ed. 224): " * * * The companion section, 3450 * * * authorizing the forfeiture of vehicles and horses used for propelling them made no such distinction. *By it, vehicles used for transporting or concealing taxable articles with the prescribed intent are forfeitable, as well as those used to transport or conceal contraband raw material or implements of manufacture.* See Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376; United States v. One Ford Coupé, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025." (Emphasis supplied.)

The statement just quoted is, in my opinion, dispositive of the issue here.

■ The answer to the libel of Walter E. Klopfer, intervening claimant, alleges that the latter acquired the truck prior to the forfeiture proceeding as an innocent purchaser for value, and that consequently the prayer of the libel for forfeiture should be denied.

The appropriate procedure for the determination of that question is provided in 18 U.S.C.A. § 646, "Remission or mitigation of forfeitures," etc., Act of Aug. 27, 1935, c. 740, Sec. 204, 49 Stat. 878. Sec. 646 was formerly 27 U.S.C.A. § 40a.

In accordance with the above, a decree for forfeiture may be submitted.

---

[1] "3321. Removal or concealment with intent to defraud the revenue

* * * * * * *

"(b) Forfeiture

"(1) Goods. Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited.

"(2) Packages. In every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, shall be forfeited.

"(3) Conveyances. Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited.
* * * *"