## UNITED STATES v. PERFETTI et al.

### No. 15186.

United States District Court
E. D. Pennsylvania.

June 27, 1950.

Harry Wolov, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Thomas .D. McBride, of Philadelphia, Pa., for defendant Perfetti.

Bernard I. Shovlin, of Philadelphia, Pa., for defendant Cantie.

BARD, District Judge.

In this case the defendants are charged with removing nine five-gallon cans of untaxed alcohol with the intent to defraud the United States of such tax in violation of Section 3321, Title 26 U.S.C.A. A jury trial was waived. At the close of the government's case all facts were admitted by the defendants, and the case was submitted to the Court for decision on the defendants' motion for judgment of acquittal.

Several agents of the Alcohol Tax Unit noticed the odor of alcohol emanating from two private garages along a public street in Philadelphia, Pennsylvania. After watching these garages for several days, they saw the defendants on the evening of June 14, 1948 drive up to the garages, open one, back a car half way into it, and start loading cans into the car trunk. Upon questioning, the defendants admitted the cans contained alcohol. The federal agents then entered the garage and found nine five-gallon cans of· untaxed alcohol in the car trunk, forty-four such cans of alcohol on the floor of the garage, and charcoal smelling of alcohol in the bottom of an old barrel in the garage.

The foregoing facts comprised the government's case. The Internal Revenue Code condemns as· a criminal every person who "removes, deposits, or conceals" taxable goods with intent to· defraud the United States of such tax.[1] The indict-

1.  26 U.S.C.A. § 3321(a).

ment in this case charges the defendants only with the removal of untaxed alcohol. The defendants contend that while the facts presented may prove "deposit" or "concealment", they do not prove "removal". I agree.

The word "removal" as used in the statute connotes something more than "transport". It refers to the removal of alcohol from the place where it was made or where the tax thereon was supposed to be paid. See Price v. United States, 5 Cir., 150 F.2d 283, 285, certiorari denied 326 U.S. 789, 66 S.Ct. 473, 90 L.Ed. 479, rehearing denied 327 U.S. 813, 66 S.Ct. 519, 90 L.Ed. 1038. I think it might also mean the removal of alcohol from one storage place to another.

However, without any evidence showing that the untaxed alcohol was removed from the garage, the government cannot hope to sustain an indictment charging the defendants with only the removal of untaxed alcohol.

The government bears the burden of proving beyond a reasonable doubt that the defendants are guilty of the crime with which they are charged. The government has not borne its burden.

The defendants' motion for judgment of acquittal is hereby granted.