UNITED STATES of America

v.

Rudolph R. BREGMAN, Appellant,

and

Milton H. L. Schwartz.

No. 13799.

United States Court of Appeals
Third Circuit.

Argued March 22, 1962.

Decided July 2, 1962.

Thomas D. McBride, Philadelphia, Pa.
(Howard Gittis and McBride, von Mosch-
zisker & Bradley, Philadelphia, Pa., on
the brief), for appellant.

J. Shane Creamer, Asst. U. S. Atty.,
Philadelphia, Pa. (Edmond E. DePaul,
Asst. U. S. Atty., Philadelphia, Pa., on
the brief), for appellee.

Before GOODRICH, McLAUGHLIN
and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

Following a jury trial, defendant-ap-
pellant Rudolph R. Bregman was found
guilty * of violation of Section 7206(4)
of the Internal Revenue Code of 1954 [1]
which, inter alia, makes removal or con-

---

* The jury was unable to agree on a verdict
with respect to defendant Schwartz.

1. Section 7206 "Fraud and false state-
ments" reads in relevant part as follows:
 "Any person who— * * *
 "(4) Removal or concealment with in-
 tent to defraud.—Removes, deposits, or

conceals, or is concerned in removing,
depositing, or concealing, any goods or
commodities for or in respect whereof any
tax is or shall be imposed, or any prop-
erty upon which levy is authorized by sec-
tion 6331, with intent to evade or defeat
the assessment or collection of any tax
imposed by this title; or"

654

cealment of property upon which a levy is authorized by Section 6331 [2] of the Code a felony.

Bregman prosecutes this appeal from the District Court's judgment of sentence, entered following denial of his motion for judgment of acquittal.

Two questions are presented:

(1) Does Section 7206(4) make criminal a book entry which falsely reflects a change in the right to possession of property;

(2) Was there a fatal variance between the indictment and proof?

The one-count indictment charged the defendants as follows:

"That on or about October 30, 1954, at Philadelphia, in the Eastern District of Pennsylvania, Rudolph R. Bregman and Milton H. L. Schwartz, with intent to evade and defeat the collection of taxes assessed against Rudolph Motor Service, Inc., did knowingly and unlawfully remove and conceal eighteen (18) Strick Trailers, property of Rudolph Motor Service, Inc., upon which a levy was authorized by Section 6331 of the Internal Revenue Code of 1954,

"In violation of 26 U.S.C. Section 7206(4)."

■ Viewing the evidence in the light most favorable to the government, as the jury's verdict required, the critical facts may be stated as follows:

Bregman was president of Rudolph Motor Service, Inc. ("Rudolph"); his co-defendant Schwartz was its counsel. In the fall of 1953 Rudolph owed various federal taxes and revenue agents demanded their payment. Rudolph then had possession of, and record title to, the 18 Strick trailers referred to in the indictment. At that time, acting for Rudolph, Bregman and Schwartz promised the government agents to pay the taxes in arrears and urged them not to file tax liens against Rudolph's property, including the 18 trailers. The promise to pay was not fulfilled. On October 30, 1954 Bregman made false entries in the corporate records of Rudolph indicating that the 18 trailers had been "repossessed" as of that date.

■ Bregman here concedes that "there was sufficient evidence presented from which a jury could find that an entry was made on the books of Rudolph Motor Service, Inc. changing the right to possession" of the 18 Strick trailers, but he says, (1) making a false book entry which changes right to possession does not violate Section 7206(4), and, (2) if it does, he was only charged in the indictment with removal and concealment of "18 Strick Trailers, property of Rudolph Motor Service, Inc.", and not with making a false book entry with respect to the trailers.

The thrust of Bregman's argument with respect to his first contention is that Section 7206(4) relates only to the physical removal or concealment of property and the courts, he says, have uniformly so held in construing its predecessor statute, Section 3321(a) [3] of the Internal

2. Section 6331. "Levy and distraint" provides in relevant part as follows:
 "(a) Authority of Secretary or delegate. —If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. * * * "

3. Section 3321(a) of the Internal Revenue Code of 1939 reads as follows:
 "§ 3321. Removal or concealment with intent to defraud the revenue
 "(a) Penalty. Every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine of not more than $5,000 or be imprisoned for not more than 3 years, or both."

Revenue Code of 1939, which was in turn derived from R.S. § 3450, as amended by the Act of June 26, 1936. He further urges that the fact that Section 7206(4) extended the provisions of Section 3321(a) to include offenses committed in order to avoid levy does not extend the sweep of the section to "rights to property", dealt with in Section 6331 of the 1954 Code, relating to levies.

Bregman has cited to us decisions in prosecutions under predecessor sections of Section 7206(4) which he says held it was necessary for the government to prove a *physical* removal, concealment or transfer from one place to another in order to constitute their violation.

We have considered these decisions,[4] and hold them to be totally inapposite on their facts to the situation in the instant case. Moreover, in none of these decisions was there even an obiter expression which would support Bregman's contention, in substance, that it was necessary to have physical concealment of the trailers here in order to constitute violation of Section 7206(4).

 Bregman's next contention is that while Rudolph had the right of possession with respect to the trailers it did not have the unrestricted right to "dispose" of them and thus they were not its "property" under the common law concept of property as "the right of any person to possess, use, enjoy and *dispose* of a thing." (emphasis supplied)

The short answer to this contention is that under the provisions of the Pennsylvania Uniform Commercial Code, 12A P.S. § 9–311, Rudolph *had the right to*

*dispose* of the trailers, and moreover, the trailers "[could] be reached by attachment, levy, garnishment or other appropriate judicial process."

 It is settled that State law controls in determining the nature of the legal interest which the taxpayer has in property and both federal and state courts must look to the state law to ascertain whether and to what extent the taxpayer had "property". Aquilino v. United States, 363 U.S. 509, 512, 513, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); United States v. Bess, 357 U.S. 51, 55, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958); Morgan v. Commissioner, 309 U.S. 78, 82, 626, 60 S.Ct. 424, 84 L.Ed. 585, 1035 (1940).

Since under Pennsylvania law the government could have levied upon the trailers for taxes due it we are of the opinion that the false entries made by Bregman on Rudolph's corporate records with respect to the trailers constituted a violation of Section 7206(4).

 We see no merit to Bregman's second point—that there was a fatal variance between the indictment and the proof because the indictment charged concealment of "eighteen (18) Strick Trailers, property of Rudolph Motor Service, Inc." and the government's proof only established a false entry with respect to possession of the trailers.

When Bregman falsified Rudolph's corporate records to show that the trailers had been "repossessed" the effect of that falsification was to "conceal" Rudolph's possession of the trailers. What was said by Judge Goodrich, speaking for this Court, in United States v. Schireson,

4. In United States v. Perfetti, 91 F.Supp. 909 (E.D.Pa.1950), cited by Bregman, the indictment, under Section 3321(a) charged the defendants with *removing* cans of untaxed alcohol and the trial court granted defendant's motion for acquittal on the ground that the evidence did not support the charge of *removal*.

In Cadillac Automobile Motor No. 61–D–476 v. United States, 7 F.2d 102 (6 Cir. 1925), where the government sought forfeiture of a vehicle under R.S. 3450

because it had allegedly been used for the removal and concealment of cocaine subject to tax the Sixth Circuit reversed the condemnation ordered by the District Court on the ground that the evidence had failed to establish that the nonowner of the car was concealing or transporting the cocaine with intent to defraud the government of the tax.

The other cases cited by Bregman are akin to Perfetti and Cadillac Automobile Motor.

116 F.2d 881 (1941), at page 884, on the score of the offense of concealment, is dispositive of Bregman's fatal variance contention:

"In connection with the problem of analyzing what is involved in this offense [concealment as proscribed by Bankruptcy Act, 11 U.S.C.A. § 52] it must be borne in mind that the word 'conceal' does not mean merely to secrete or hide away. It means, also, 'to prevent the discovery of or to withhold knowledge of'. If a bankrupt owned land with an office building on it, it is hardly conceivable that he could physically hide it away. Yet there could be no doubt that he would be concealing this asset from the trustee * * * by failing to disclose his ownership. * * * So, here, *if the bankrupt falsified his schedule of assets in Philadelphia he 'withheld knowledge of' them from the trustee and thereby concealed them* no matter where the goods were located." (Emphasis supplied.)

The government's proof that Bregman falsified the records pertaining to the trailers—property of Rudolph—to show that they had been "repossessed" was foursquare with the charge of "concealment" in the indictment and not by any stretch of the imagination at variance with it.

United States v. Raysor and Mosley, 294 F.2d 563 (3 Cir.1961) and United States v. Carabasi, 292 F.2d 362 (3 Cir. 1961) cited by Bregman are inapposite on their facts to the situation here. The same is true with respect to United States v. Lippi, 190 F.Supp. 604 (D.Del. 1961).

For the reasons stated the judgment of sentence of the District Court will be affirmed.

Judge GOODRICH participated in the consideration of this case but died prior to the filing of this opinion.