**UNITED STATES of America**

v.

**Rudolph R. BREGMAN, Appellant,**

and

**Milton H. L. Schwartz.**

No. 13799.

United States Court of Appeals
Third Circuit.

Oct. 5, 1962.

Thomas D. McBride, Philadelphia, Pa. (Howard Gittis and McBride, von Moschzisker & Bradley, Philadelphia, Pa., on the brief), for appellant.

J. Shane Creamer, Asst. U. S. Atty., Philadelphia, Pa. (Edmond E. DePaul, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN, KALODNER, HASTIE, GANEY and SMITH, Circuit Judges.

PER CURIAM.

The petition for rehearing presents nothing that was not fully considered and decided in this appeal. [See 306 F.2d 653].

The petition is denied.

BIGGS, Chief Judge (dissenting).

This is a case of first impression. I believe that the majority has not decided it properly. The indictment charged that Bregman "did knowingly and unlawfully remove and conceal" eighteen trailers. See 26 U.S.C.A. § 7206(4), 1954 Revenue Code. There was no actual removal or physical concealment of the trailers. There was very substantial evidence that the trailers had been repossessed by another company. This is the "removal and concealment" relied on by the United States. A motion for judgment of acquittal was refused by the trial court.

Section 6331 of the Internal Revenue Code, 1954, 26 U.S.C.A. § 6331, authorizes the Secretary of the Treasury to levy "upon all property and rights to property" on which a lien is "provided" by the Internal Revenue Code, but in imposing criminal responsibility under Section 7206(4) of the 1954 Code, Congress proscribed only the removal or concealment of "property". It would appear, therefore, that Congress clearly intended to distinguish between the civil right of levy on "property or rights to property" and a criminal violation by the removal or concealment of "property". This distinction is overlooked in the opinion of this court filed on July 2, 1962.

Assuming, as I believe to be the fact, that Section 7206(4) refers only to the removal or concealment of "property" and not to the removal or concealment of "rights to property," then some physical act of removal, concealment, or transfer would be required to constitute a violation of the statute. There have been no reported decisions interpreting Section 7206(4) of the Revenue Code of 1954, but the decisions under Section 3321(a) of the 1939 Code, 26 U.S.C.A. § 3321(a) and the other prior statutes have held that physical removal, concealment or transfer from one place to another was required to constitute a violation of the statutes. Yellow Mfg. Acceptance Corp. v. United States, 84 F.2d 164 (9 Cir. 1936); United States v. Perfetti, 91 F. Supp. 909 (E.D.Pa.1950). See Auerbach v. United States, 136 F.2d 882 (6 Cir. 1943). There is no indication of any intent on the part of Congress to broaden the reach of the statute by the 1954 codification.

A criminal statute must, of course, be strictly construed. But even under a most liberal construction, it would seem that Bregman was convicted upon a charge not made in the indictment. If I am correct in so stating, his motion for judgment of acquittal should have been granted. DeJonge v. Oregon, 299 U.S. 353, 362, 57 S.Ct. 255, 81 L.Ed. 278 (1937). See Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960).

For these reasons I must respectfully dissent from the denial of rehearing. The case is surely one which merits the attention of a court en banc.